22-2711-cv
*Mindling v. Stiegler*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-three.

PRESENT:  AMALYA L. KEARSE,
                    GUIDO CALABRESI,
                    ALISON J. NATHAN,
                           *Circuit Judges.*

_____

**Natasha Mindling,**

                    *Plaintiff-Appellee,*

               v.                                                                    **No. 22-2711-cv**

**George R. Stiegler, Jr.,**

                    *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT**:          JEFFREY R. BABBIN, Wiggin and Dana LLP, New Haven, CT; (Steven J. Errante, Lynch, Traub, Keefe & Errante, P.C., New Haven, CT, *on the brief*).

**FOR PLAINTIFF-APPELLEE**:          ANTONIO PONVERT, III (Colin S. Antaya, *on the brief*), Koskoff Koskoff & Bieder, P.C., Bridgeport, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial, Defendant-Appellant George R. Steigler, Jr., was found liable for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress for sexually abusing and exploiting his stepdaughter, Natasha Mindling, when she was a child. Defendant appeals the judgment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

## BACKGROUND

This appeal concerns various pre-trial discovery motions and the evidence presented at Defendant's trial. In November 2018, Plaintiff sued Defendant for sexual abuse to which he subjected her to when she was a child. In accordance with the parties' scheduling order, Plaintiff made her initial disclosures on January 28, 2019, providing the names and, if known, the addresses and telephone numbers of all lay and expert individuals who were likely to have discoverable information as to Plaintiff's claims and/or as to liability, causation, and damages. She additionally disclosed that she expected to argue for compensatory economic and non-economic damages, with the economic damages disclosed "at or before the time of plaintiff's expert disclosures." App'x at 297. Plaintiff then timely disclosed her expert, Dr. Julian Ford, provided Dr. Ford's expert report—which addressed Plaintiff's mental and emotional damages—and gave Defendant her damages analysis on October 31, 2019.

Defendant's deadline for disclosure of his expert was December 16, 2019. No disclosure was made. On February 28, 2020, more than two months later, Defendant moved for an extension of time to file expert disclosures and to conduct

3

an independent medical examination, which was denied. He then moved for reconsideration on that issue, which the district court again denied.

Due to the COVID pandemic, trial was eventually moved to May 24, 2022. On January 10, 2022, Defendant filed a motion to continue trial and reopen discovery. The district court denied that motion on February 3, 2022, and denied Defendant's subsequent motion for reconsideration, having previously held that the "record supports the plaintiff's position that the defendant has belatedly sought to change his litigation strategy," Special App'x at 4, and noting that the motion for reconsideration failed to point to any data or controlling decisions that the court had overlooked, and instead misstated the court's analysis and simply disagreed with the ruling, Special App'x at 8–9.

At trial, Defendant objected to Dr. Ford's redirect testimony regarding Plaintiff's obsessive-compulsive disorder in relation to her post-traumatic stress disorder. Defendant argued that the testimony was outside the scope of Dr. Ford's expert report. The district court permitted the testimony to proceed over Defendant's objection because as we discuss later, Plaintiff pointed out that much of Defendant's cross-examination had concerned Plaintiff's injuries. The jury

4

ultimately found Defendant liable for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress and Defendant was ordered to pay $6.8 million in compensatory damages. This appeal followed.

## I. Motion to Extend Time

Defendant first challenges the district court's denial of his motion for an extension of time to disclose an expert witness and conduct an independent medical examination. We construe Defendant's motion as one seeking to modify the district court's scheduling order.[1] A district court's scheduling order can be modified "only for good cause," Fed. R. Civ. Pro. 16(b)(4), which "depends on the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).

The district court "enjoys wide discretion in its handling of pre-trial discovery," and reversal requires a "clear showing of an abuse of discretion." *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998) (internal quotation marks

---

[1] Even if analyzed as an order precluding Defendant from presenting an expert witness or conducting an independent medical examination under *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997), Defendant fails to meet the *Softel* factors because he has not provided a coherent explanation for the delay and the record makes clear that Plaintiff would have suffered prejudice.

omitted). As this Court has held, it is not necessarily an abuse of discretion for a district court to deny a motion to disclose new witnesses after a court-imposed deadline has passed. *See, e.g.*, *Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000).

The district court did not abuse its discretion in concluding that Defendant had failed to demonstrate due diligence. As the district court indicated, Defendant failed to provide "good cause for not filing a motion to extend the time" months after the December 16, 2019 deadline to disclose his expert witness had passed. App'x at 411. Defendant fails to explain why he did not move for an extension of the time to disclose an expert witness at the status conference held on November 4, 2019. There, he requested an extension of the fact discovery deadline only. Furthermore, at no point before the passage of his deadline to disclose an expert witness on December 16, 2019 did he file such a motion. Instead, Defendant's eventual motion for an extension of time on February 28, 2020 was over two months after his deadline had passed. Similarly, he failed to offer any adequate explanation for his failure to timely request an independent medical examination of Plaintiff.

To the extent that Defendant blames Plaintiff for his delays, he does not

adequately challenge the district court's determination that Plaintiff satisfied the relevant disclosure requirements under Federal Rule of Civil Procedure 26(a)(1)(A)(iii). He also does not explain his repeated failures to object to Plaintiff's disclosures if they were inadequate. Because of Defendant's lack of due diligence, we hold that the district court did not abuse its discretion in denying his motion for an extension of time.

## II. Motion to Reopen Discovery

Defendant next challenges the district court's denial of his motion to reopen discovery. He argues that Plaintiff withheld thousands of pages of medical records, which indicated that obsessive-compulsive disorder, rather than post-traumatic stress disorder, was the cause of her injuries. Again, Defendant's motion to modify the district court's scheduling order under Rule 16(b)(4) is reviewed for abuse of discretion. *Grochowski*, 318 F.3d at 86. Defendant's arguments fail to demonstrate any abuse of discretion.

At base, Defendant's late developed "alternate theory of causation" regarding Plaintiff's obsessive-compulsive disorder was available to Defendant from near the beginning of discovery. Special App'x at 5. As the district court

7

identified, "medical records that were produced to the defendant on April 12, 2019, well before the defendant's December 16, 2019 deadline, reflect that the plaintiff suffers from and was being treated for [obsessive-compulsive disorder]." Special App'x at 6. Furthermore, although Plaintiff did produce a significant number of supplemental documents, nothing Defendant has alleged indicates that there was good cause to reopen discovery because those supplemental disclosures did not contain "new categor[ies] of information," nor did they demonstrate that Plaintiff sought to "change[] her position." *Id.* at 5.

### III. Objection to Plaintiff's Expert Testimony on Redirect

Defendant finally argues that the district court erred when it allowed Plaintiff's expert, Dr. Ford, to testify on redirect examination regarding Plaintiff's obsessive-compulsive disorder. The district court permitted the testimony because "[m]uch of [Defendant's] cross" of Dr. Ford had "concerned [Plaintiff's] injuries." App'x at 849.

The same abuse of discretion standard of review "applies to rulings on the admissibility of expert testimony," and such a ruling "is to be sustained unless manifestly erroneous." *Restivo v. Hessemann*, 846 F.3d 547, 575 (2d Cir. 2017)

(cleaned up).   As relevant to Defendant's challenge, "[t]he scope of redirect examination is a matter entrusted to a trial judge's broad discretion."   *United States v. Vasquez*, 267 F.3d 79, 85 (2d Cir. 2001) (internal quotation marks omitted).

The district court did not abuse its broad discretion.   The record makes clear that Defendant's counsel opened the door to testimony regarding Plaintiff's obsessive-compulsive disorder when he cross-examined Dr. Ford on that subject. For example, Defendant's counsel asked Dr. Ford whether he had reviewed records from various sources, including "the California [obsessive-compulsive disorder] place."   App'x at 765.   Defendant, then, was the primary vehicle through which Dr. Ford's testimony regarding Plaintiff's obsessive-compulsive disorder was initially entered onto the record.   Finally, even if Plaintiff failed to disclose the testimony in accordance with the federal rules, Defendant was not prejudiced by that failure, given his cross-examination on the same topic.   Fed. R. Civ. P. 37(c)(1).[2]

\* \* \*

---

[2] Defendant also argues that the district court's "errors" were not harmless.   Because we hold that the district court did not err, we do not address Defendant's harmless error argument.

9

We have considered Defendant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court